SULLIVAN, Judge
(concurring):
I write separately to amplify a certain point made by the majority. Specifically, the information averred in the affidavit and provided to the magistrate judge constituted sufficient probable cause to issue a search warrant in this case.
This case is factually similar to United States v. Hay, 231 F.3d 630 (9th Cir.2000). In Hay, a magistrate judge issued a search warrant to search the appellant’s apartment and seize the appellant’s “computer hardware, software, records, instructions or documentation, and depictions of child pornography.” Id. at 633. The supporting affidavit averred that a known child pornographer in Canada had sent 19 graphic files to the appellant’s Internet address; that the same Internet address was associated with a network port wired to the appellant’s apartment; and that, by the appellant’s own admissions to an undercover Customs agent, the appellant maintained a computer in his apartment wired to the Internet for his sole use. Id. at 632-33. Although there was no direct evidence that the images of child pornography would actually be found in the appellant’s apartment, the Ninth Circuit believed the magistrate judge could reasonably infer so from the facts found in the affidavit. Id. at 636.
Likewise in this case, the magistrate judge had a substantial basis to find the probable cause necessary to issue the search warrant. As in Hay, this appellant told someone (viz. his supervisor) about his computer at home. Moreover, investigators found 262 images of child pornography on appellant’s computer at work. Rather than having the files sent to his personal Internet address, evidence indicates that appellant downloaded Internet files to his work computer and then transferred those files to diskettes. Consistent with the Ninth Circuit’s approach in Hay, I think the magistrate judge could reasonably infer that appellant had stored images of child pornography on his computer at home. See United States v. Lacy, 119 F.3d 742 (9th Cir.1997); but cf. United States v. Weber, 923 F.2d 1338 (9th Cir.1990).